UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES JONES, | ) | 1:11-cv-02090-GSA-PC |
| | ) | |
| Plaintiff, | ) | SCREENING ORDER |
| | ) | |
| vs. | ) | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983, WITH LEAVE TO FILE A HABEAS PETITION (Doc. 1.) |
| DISTRICT ATTORNEY, et al., | ) | |
| | ) | |
| Defendant. | ) | ORDER FOR THIS DISMISSAL TO BE SUBJECT TO 28 U.S.C. § 1915(g) |
| | ) | |
| | ) | ORDER DIRECTING CLERK TO CLOSE CASE |

**I.    BACKGROUND**

Thomas Porter ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint on December 19, 2011. On January 20, 2012, Plaintiff consented to the jurisdiction of a Magistrate Judge, and no other parties have appeared. Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## III. SUMMARY OF COMPLAINT

Plaintiff is a state prisoner presently incarcerated at Salinas Valley State Prison. Plaintiff names as defendants the following individuals: Fresno County District Attorney; Attorneys Roger Vehrs and Katherine Hart; Fresno County Superior Court; Michelle Kinser. Plaintiff also names Comprehnsive Legal Services. The gravamen of Plaintiff's Complaint is that defendants presented false evidence and testimony at Plaintiff's criminal trial. Plaintiff refers to a motion filed in the Fresno County Superior court to obtain "discovery under Brady v. Maryland." Plaintiff alleges that the trial court refused to appoint counsel, and the District Attorney "refused to turn over evidence that goes to innocence and favorable to plaintiff." Plaintiff alleges that his defense attorneys "allowed evidence to be presented that they knew was false, allowed perjured testimony and aided the prosecutor in allowing perjured

testimony." The balance of Plaintiff's allegations refer to his underlying conviction, and attempts to invalidate the conviction.

## IV. HABEAS CORPUS

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005).

In the complaint, Plaintiff clearly challenges the validity of his underlying criminal conviction. Plaintiff specifically alleges that he was not allowed access to material that "goes to innocence and favorable to plaintiff." Success in this action would necessarily demonstrate the invalidity of confinement or its duration. Therefore, Plaintiff's sole federal remedy is a writ of habeas corpus, and the Court shall dismiss this action, with leave to file a petition for writ of habeas corpus.

## V. CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff fails to state any cognizable claims in the Complaint upon which relief may be granted under § 1983. The Court also finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, the Court finds that Plaintiff may be able to state a habeas corpus claim. Therefore, Plaintiff's case shall be dismissed without prejudice to filing a petition for writ of habeas corpus.

If Plaintiff elects to file a petition for writ of habeas corpus, he must file a new and separate action. The Clerk shall send to Plaintiff a habeas corpus petition form for Plaintiff to complete and return

to the Court. Plaintiff should <u>not</u> refer to the case number of this civil rights complaint. When the habeas corpus petition is received by the Court, the Clerk will assign a new case number.

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED in its entirety for failure to state a claim upon which relief may be granted under § 1983, with leave to file a petition for writ of habeas corpus;

2. The Clerk shall send Plaintiff a habeas corpus petition form;

3. If Plaintiff elects to file a petition for writ of habeas corpus, he must file a new and separate action as instructed above;

4. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1098 (9th Cir. 2011); and

5. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **April 24, 2012**           **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE