| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES JONES, | | 1:11-cv-02090-GSA-PC |
| | Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 9.) |
| vs. | | |
| DISTRICT ATTORNEY, et al., | | ORDER FOR CLERK TO REOPEN CASE |
| | Defendants. | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND |
| | | THIRTY DAY DEADLINE |

## I. BACKGROUND

Charles Jones ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 19, 2011. (Doc. 1.) On January 20, 2012, Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1), and no other parties have appeared. (Doc. 5.)

The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and entered an order on April 24, 2012, dismissing the Complaint for failure to state a claim, with leave to file a petition for writ of habeas corpus. (Doc. 7.) On May 17, 2012, Plaintiff filed a motion for reconsideration of the order dismissing this action. (Doc. 9.)

///

**II.    MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff argues that his case should not have been dismissed, because he requested an injunction due to violation of the Americans with Disabilities Act ("ADA"), which was not addressed by the Court, and because the claim concerning his state court case is a due process claim which was appropriately brought in a section 1983 action.

***Claims arising from State Court Proceedings***

Plaintiff argues that the claims arising from his state court proceedings were appropriately brought in a § 1983 action as a claim for violation of his rights to due process.  Plaintiff alleged in the Complaint that during his state court proceedings, the trial court refused to appoint counsel; the District Attorney refused to turn over evidence; and his defense attorneys allowed evidence to be presented that they knew was false, allowed perjured testimony, and aided the prosecutor in allowing perjured testimony.

///

1    When a prisoner challenges the legality or duration of his custody, or raises a constitutional
2    challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas
3    corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990),
4    cert. denied 11 S.Ct. 1090 (1991). "[A] state prisoner's § 1983 action is barred (absent prior
5    invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the
6    prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that
7    action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v.
8    Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005).

9    Plaintiff's allegations in the Complaint clearly challenge the validity of his underlying
10   criminal conviction and, therefore, Plaintiff's sole federal remedy is a writ of habeas corpus. Thus,
11   Plaintiff fails to state a claim under § 1983 for the violation of his rights during his state court
12   proceedings. The Court finds that the deficiencies outlined above are not capable of being cured by
13   amendment. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).
14   Therefore, with respect to this claim, Plaintiff has not demonstrated that the Court committed clear
15   error, or presented the Court with new information of a strongly convincing nature, to induce the
16   Court to reverse its prior decision.

17   ***ADA Claim***

18   Plaintiff argues that he requested an injunction due to violation of the ADA in his Complaint,
19   which the Court did not address in the screening order. The Court has examined the Complaint and
20   finds that Plaintiff is correct. Plaintiff alleges in the Complaint that on December 14, 2011, he was
21   told he could not be transferred from Salinas Valley State Prison ("SVSP") to another facility
22   because he is mobility impaired. Plaintiff uses a cane for walking and requires level terrain with no
23   obstruction in his path of travel. Plaintiff alleges that many other prisons have better terrain than
24   SVSP, and that other inmates without disabilities are being transferred to other prisons. Plaintiff
25   argues that he should have the same rights as other inmates. Plaintiff claims that he is being
26   discriminated against for being mobility impaired, in violation of the ADA.

27   Title II of the ADA provides that "no qualified individual with a disability shall, by reason
28   of such disability, be excluded from participation in or denied the benefits of the services, programs,

or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

"In order to state a claim under Title II of the ADA, a plaintiff must allege:

(1) he 'is an individual with a disability;' (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) 'such exclusion, denial of benefits, or discrimination was by reason of [his] disability. ' "

O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1060 (9th Cir. 2007) (quoting McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir.2004 and Thompson v. Davis, 295 F.3d 890, 895 (9th Cir.2002) (per curiam)). "Similarly, to state a claim under the Rehabilitation Act, a plaintiff must allege (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." O'Guinn at 1060 (citing Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir.2001)).

It appears that Plaintiff may be able to state an ADA claim. However, Plaintiff has not named any defendant in the Complaint against whom his ADA claim can proceed. For an ADA claim, Plaintiff may name the appropriate public entity or state officials in their official capacities, but he may not name individual prison employees in their personal capacities. Shaughnessy v. Hawaii, No. 09-00569 JMS/BMK, 2010 WL 2573355, at *8 (D.Hawai'i Jun. 24, 2010); Anaya v. Campbell, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D.Cal. Nov. 9, 2009); Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005). The ADA defines public entity" in relevant part as "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(A)-(B). "The term 'public entity' does not include individuals." Shaughnessy, 2010 WL 2573355 at *8 (D.Hawai'i Jun. 24, 2010) (quoting Hardwick v. Curtis Trailers, Inc., 896 F.Supp. 1037, 1038-39 (D.Or.1995) (finding that individual liability is precluded under ADA Title II) (citing Miller v. Maxwell's Int'l, Inc., 991 F.2d 583 (9th Cir.1993)); see also Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002).

1     For these reasons, Plaintiff fails to state a claim for violation of his rights under the ADA.
2 Plaintiff shall be granted an opportunity to amend this claim.

3     ***Equal Protection***

4     It also appears that Plaintiff may be able to state an equal protection claim. Therefore, the
5 Court here provides Plaintiff with the legal standard for his review.

6     The Equal Protection Clause requires that persons who are similarly situated be treated alike.
7 City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur
8 v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by
9 showing that Defendants intentionally discriminated against Plaintiff based on his membership in
10 a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03
11 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles,
12 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated
13 differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon
14 Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech,
15 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th
16 Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

17     Plaintiff alleges facts characteristic of an equal protection claim. However, Plaintiff has not
18 named or alleged facts against any defendant in the Complaint against whom an equal protection
19 claim may proceed. Plaintiff shall be granted an opportunity to amend this claim.

20 **III.  CONCLUSION AND ORDER**

21     The Court finds that Plaintiff has shown cause for the Court to grant his motion for
22 reconsideration in part, and this case shall be reopened. Plaintiff's claim for violation of his rights
23 during state court proceedings shall remain dismissed without leave to amend. However, Plaintiff
24 shall be granted leave to amend the Complaint to cure the deficiencies described above in his claims
25 for discrimination. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall
26 be freely given when justice so requires.'" The Court will allow Plaintiff thirty days in which to file
27 an amended complaint, curing the deficiencies identified in this order. Lopez, 203 F.3d at1126-30.
28 ///

1    The amended complaint should be brief, but must state what each named defendant did that
2 led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal,
3 129 S.Ct. at 1948-49; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff should note
4 that although he has been given the opportunity to amend, it is not for the purposes of adding
5 unrelated claims or claims arising after December 19, 2011. In addition, Plaintiff should take care
6 to include only those claims for which he has exhausted his administrative remedies prior to
7 December 19, 2011.

8    Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be
9 complete in itself without reference to any prior pleading. As a general rule, an amended complaint
10 supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an
11 amended complaint is filed, the original complaint no longer serves any function in the case.
12 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
13 of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly
14 titled "First Amended Complaint," refer to the appropriate case number, and be an original signed
15 under penalty of perjury.

16    Based on the foregoing, it is HEREBY ORDERED that:

17    1.   Plaintiff's motion for reconsideration, filed on May 17, 2012, is GRANTED in part;

18    2.   The Clerk is directed to reopen this case;

19    3.   Plaintiff's claim for violation of his rights during state court proceedings remains
20         dismissed with leave to file a new petition for writ of habeas corpus, pursuant to the
21         Court's order of April 24, 2012;

22    4.   Plaintiff's claims for discrimination under the ADA and for equal protection
23         violations are dismissed for failure to state a claim, with leave to amend;

24    5.   Plaintiff is granted leave to amend the Complaint within **thirty (30) days** from the
25         date of service of this order, as instructed above;

26    6.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

27    7.   Plaintiff shall caption the amended complaint "First Amended Complaint" and refer
28         to the case number 1:11-cv-02090-GSA-PC; and

6

8. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **June 5, 2012**              /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE