IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES JONES, | ) | No. C 13-1526 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DIRECTING |
| | ) | PLAINTIFF TO PROVIDE |
| v. | ) | COURT WITH MORE |
| | ) | INFORMATION FOR |
| | ) | DEFENDANT HEDGPETH |
| WARDEN HEDGPETH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. On May 2, 2013, the Court ordered service upon the named Defendants. On June 10, 2013, Salinas Valley State Prison ("SVSP") Litigation Coordinator G. Lopez sent a letter to the Court indicating that Defendant Anthony Hedgpeth was not employed at SVSP. (Docket No. 24.) Accordingly, Defendant Hedgpeth has not been served.

Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, Plaintiff's complaint has been pending for over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m).

Because Plaintiff has not provided sufficient information to allow the Marshal to locate and serve Defendant Hedgpeth, Plaintiff must remedy the situation or face dismissal of his claims against this defendant without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). Accordingly, Plaintiff must provide the Court with an accurate and current address for Defendant Hedgpeth such that the Marshal is able to effect service.

In the interest of justice, the Court requests that the SVSP Litigation Coordinator provide more information about the employment status of Defendant Hedgpeth. The request inquires whether Defendant Hedgpeth was a former employee of SVSP, and if he is currently an employee of the California Department of Corrections and Rehabilitation ("CDCR"). If he is a former employee of SVSP, but still employed with CDCR, the Court requests that the SVSP Litigation Coordinator provide the current employment address for the Defendant. If he is a former employee but no longer employed with CDCR, the Court requests that the SVSP Litigation Coordinator provide a forwarding address, or notice that such information is not available.

**CONCLUSION**

1. Plaintiff must file notice and provide the Court with an accurate and current address for Defendant Hedgpeth such that the Marshal is able to effect service. If Plaintiff fails to provide the Court with an accurate and current address for Defendant Hedgpeth **within thirty (30) days** of the date this order is filed, Plaintiff's claims against this Defendant will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

2. In the interest of justice, the Clerk of the Court shall forward a copy of this order to the Litigation Coordinator at **Salinas Valley State Prison, P.O. Box 1020, Soledad, CA 93960**, who is requested to provide the current employment status for Defendant Hedgpeth, and any available forwarding address, or notice that such information is not available, **within thirty (30) days** from the date this order is filed.

1 | IT IS SO ORDERED.
2 | DATED: __8/6/13__

                                             _Lucy H. Koh_
                                             LUCY H. KOH
                                             United States District Judge