IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES JONES, | ) | No. C 13-1526 LHK (PR) |
| Plaintiff, | ) | ORDER GRANTING MOTION TO DISMISS |
| vs. | ) | |
| WARDEN HEDGPETH, et al., | ) | |
| Defendants. | ) | |

Plaintiff, proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants at Salinas Valley State Prison ("SVSP") violated the Americans with Disabilities Act ("ADA") by failing to transfer him to a different institution because of his disability. Defendants have filed a motion to dismiss for failure to state a claim, and for failure to exhaust. Plaintiff has filed an opposition, and defendants have filed a reply. For the reasons stated below, defendants' motion to dismiss for failure to state a claim is GRANTED.

**BACKGROUND**

In the amended complaint, plaintiff alleges that he requested a hardship transfer from SVSP to a prison near Fresno to be closer to his mother because his mother cannot travel long distances. Plaintiff claims that he and other mobility impaired inmates were told they could not transfer to Lancaster, Corcoran, and several other prisons because they had canes. Plaintiff

Order Granting Motion to Dismiss
G:\PRO-SE\LHK\CR.13\Jones526mtdftsc.wpd

1  alleges that other inmates who had canes were told that if they relinquished their canes, they
2  could be transferred.  One inmate relinquished his cane and was awaiting transfer to Corcoran.
3  Another inmate relinquished his cane and was transferred to Lancaster.  Plaintiff alleges that
4  SVSP has worse terrain than Corcoran and Lancaster, and plaintiff should be permitted to
5  transfer out to an institution with better, more level terrain than SVSP.  Plaintiff filed a
6  complaint, alleging that defendants were violating the ADA by denying his request for a transfer.
7  Plaintiff requests the ability to transfer to another institution without having to give up his cane,
8  damages, and to be allowed access to prisons with relatively level terrain.

## DISCUSSION

A.  Standard of Review

Failure to state a claim is a grounds for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995).  "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim."  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested.  *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  In addition, the court may take judicial notice of facts that are not subject to reasonable dispute.  *Id.* at 688 (discussing Fed. R. Evid. 201(b)).  Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Id.*

B.  Analysis

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such

entity." 42 U.S.C. § 12132. To state a claim under Title II of the ADA, a plaintiff must allege four elements: (1) that he is an individual with a disability; (2) that he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) that he was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

As an initial matter, to the extent plaintiff is suing defendants in their individual capacities, plaintiff's claim is DISMISSED. "[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

Next, defendants argue that because inmates – disabled and non-disabled – do not have a constitutional right to be housed at a prison of their choice, plaintiff has failed to state a claim under the ADA. However, as the Eastern District of California has noted, "a prisoner's transfer to or from a particular prison may be relevant to an ADA claim if such transfer would constitute a reasonable accommodation of plaintiff's disability." *Burton v. McDonald*, 2012 WL 2912432, *9 (E.D. Cal 2012). Liberally construed, plaintiff's allegations could be inferred to state that defendants failed to reasonably accommodate his disability by refusing to transfer him to an institution with a more level terrain.

Nonetheless, as defendants have noted, after plaintiff filed his amended complaint, plaintiff was indeed transferred from SVSP to Pleasant Valley State Prison, where he is currently housed. As such, plaintiff's requests for injunctive relief are moot. Where injunctive relief is involved, questions of mootness are determined in light of the present circumstances. *See Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996). As here, when an inmate is released from prison or transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claims for injunctive should be dismissed as moot. *Dilley v. Gunn*, 64 F.3d

Order Granting Motion to Dismiss
G:\PRO-SE\LHK\CR.13\Jones526mtdftsc.wpd        3

1365, 1368-69 (9th Cir. 1995). Here, plaintiff does not suggest that he will experience or is experiencing the same events at Pleasant Valley State Prison as he has described in his amended complaint. Moreover, Pleasant Valley State Prison is located in Coalinga, California, which is closer to Fresno than SVSP, and thus facilitates plaintiff's requested goal of being housed closer to his disabled mother, who lives in Fresno. Because plaintiff has since been transferred out of SVSP, and the only named defendants are SVSP prison officials, plaintiff's claims for injunctive relief are DISMISSED as moot.

Finally, plaintiff has requested damages. To recover monetary damages under Title II of the ADA, plaintiff must prove intentional discrimination on the part of the defendants. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). In *Duvall*, the Ninth Circuit held that the appropriate test for finding intentional discrimination under the ADA is a "deliberate indifference" standard. *Id.* "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.* at 1139 (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). According to the exhibits attached to plaintiff's amended complaint and opposition, it is clear that SVSP prison officials were not deliberately indifferent in their denial of his transfer request. After plaintiff's annual classification review on December 14, 2011, plaintiff was not referred for transfer because plaintiff had requested a transfer to Lancaster and, at the time, Lancaster was not able to accommodate plaintiff's special needs. (Pl. Opp., Ex. B.) Nonetheless, plaintiff was advised that his counselor would review the case before February 13, 2012, for transfer consideration to an alternate institution. (*Id.*) On February 8, 2012, plaintiff's case was referred for transfer, but plaintiff was retained pending a hearing before the Board of Prison Hearing. (Am. Compl. at 20.) On May 8, 2012, plaintiff was referred for transfer to the California Men's Colony, with North Kern State Prison as an alternate. (*Id.*) At some point thereafter, plaintiff was transferred to his current institution, Pleasant Valley State Prison. Based on these facts, even liberally construed, plaintiff has failed to state a claim that SVSP defendants were deliberately indifferent to plaintiff when denying his request for a transfer. Accordingly, plaintiff's claim for damages is DISMISSED.

Order Granting Motion to Dismiss
G:\PRO-SE\LHK\CR.13\Jones526mtdftsc.wpd            4

1 While district courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints, *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc), a pro se complaint "may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (citations and internal quotations omitted). Here, even liberally construed, the court concludes that leave to amend would be futile.

Accordingly, this claim is DISMISSED with prejudice, and thus, without leave to amend.

## CONCLUSION

Defendants' motion to dismiss is GRANTED. Because the court is dismissing this action for failure to state a claim, it is unnecessary to address defendants' argument that plaintiff has failed to exhaust his claim. The clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 2/10/14

*Lucy H. Koh*
LUCY H. KOH
United States District Judge